14437.  MORRIS, administrator, *v.* RAKESTRAW.

In an action against an administrator for the value of services alleged to have been rendered to the decedent upon an implied promise to pay for them, it was not error as against the defendant for the court to charge the jury to the effect that if the decedent made statements that he intended to give a farm to the plaintiff, and if the jury should find that these statements amounted to an admission of indebtedness, the statements might be considered by them in determining whether the decedent became indebted to the plaintiff in any sum, but that the jury could not give the plaintiff a verdict simply because the decedent intended or stated that he intended to give a farm to the plaintiff.

It was not error to admit in evidence testimony as to statements of the decedent that he was looking for a farm for the plaintiff, and intended to buy a farm for him, and would pay a stated sum for it, that the plaintiff had waited on him and was good to him, and he wished to pay the plaintiff for waiting on him, and that if he did not give anything to the plaintiff before his own death, he wished the plaintiff to sue his estate for a stated sum.

The evidence authorized the verdict for the plaintiff.

DECIDED JUNE 12, 1923.

Complaint; from Floyd superior court — Judge Wright.  February 12, 1923.

*Maddox, Lipscomb & Mathews,* for plaintiff in error.

*M. B. Eubanks,* contra.

LUKE, J.  Rakestraw sued Morris as administrator of the estate of Cousins, deceased, alleging that Cousins was an old man, blind, helpless, and exceedingly corpulent, and that at the instance of Cousins he took charge of him and acted as his personal attendant and nurse, and was present and assisted him in the transaction of his business, and attended him on camping trips, did his cooking, and in fact was present aiding and giving such attention, both day and night, as a blind and helpless man would need.  The petition alleged when he began his services and when his services ended, which was at the time of the death of Cousins, and that he had never been paid for such services.  The different services were specifically detailed, and it was the contention of the plaintiff that he was entitled to recover the value of his services under the legal implied promise to pay for them.  The defendant denied all of the allegations of the petition except that it was admitted that he was the duly qualified administrator of the estate of Cousins.  The jury returned a verdict in favor of the plaintiff for a sum less than that sued for.  The defendant filed a motion for a new trial, assigning error upon the following

grounds: (1) because the evidence did not authorize the verdict; (2) because three different witnesses were permitted to testify, over the defendant's objection that the evidence was irrelevant and immaterial, and because such evidence was not in the nature of an admission of indebtedness the like of which was sued for by the plaintiff in his petition; and (3) because the court erred in charging the jury as follows: "As I said to you a moment ago, the plaintiff alleges the deceased in his lifetime made certain statements that he intended to buy a farm for him and give it to him, and the plaintiff insists this statement on the part of the deceased was a recognition on his part of his indebtedness to plaintiff. If you find that any such statements were made, you may consider those statements if they throw any light upon the question of whether or not it amounted to an admission of indebtedness upon the part of the deceased during his lifetime; but I charge that you cannot give the plaintiff a verdict simply because the deceased intended in his lifetime or stated in his lifetime that he intended to give plaintiff a farm; in other words, although the deceased may have intended to give the plaintiff a farm, yet if that was all, he died without doing it, the plaintiff cannot recover the farm, nor can he recover the value of the farm, but as I have stated to you, if you find these statements by the deceased, if he made any such statements, amounted to an admission of indebtedness due the plaintiff in this case, then you might consider [them] along with the question involved as to whether or not the deceased in his lifetime became indebted to the plaintiff for any sum whatever." The motion for a new trial was overruled, and is here for review.

The evidence in this case was sufficient to authorize the verdict rendered. The evidence of the witnesses whose testimony is complained of was not inadmissible. A reading of the testimony of these witnesses in full shows merely detailed circumstances which the jury were authorized to consider in determining the issues raised by the pleadings in the case. The plaintiff, of necessity, was dependent almost entirely upon circumstantial evidence to prove the allegations of his petition, and the evidence complained of detailed circumstances which the plaintiff was entitled to prove. The excerpt from the charge of the court complained of was not erroneous for the reasons pointed out. The entire charge

of the court presented the issues properly and limited the testimony of the plaintiff within its sphere. The judge having approved the verdict, and there being no error of law upon the trial, it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*